JOHN K. BUCHE (CA BAR NO. 239477)
BYRON MA (CA BAR NO. 299706)
**BUCHE & ASSOCIATES, PC**
875 Prospect Street Suite 305
La Jolla, CA 92037
Telephone: (713) 589-2214
Fax: (858) 459-9120
Email: jbuche@buchelaw.com
bma@buchelaw.com

SAMUEL A. SEHAM (NY BAR NO. 5768080)
LEE SEHAM (NY BAR NO. 2194306)
**SEHAM, SEHAM, METZ & PETERSEN LLP**
199 Main Street, 7th Floor
White Plains, NY 10601
Telephone: (914) 997-1346
Fax: (914) 997-7125
Email: samuel.seham@gmail.com
ssmpls@aol.com

*Attorneys for the Plaintiffs Walter Spurlock and Andre Guibert*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| WALTER SPURLOCK and ANDRE GUIBERT,<br>*Plaintiffs*,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, AIRPORT COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO, DOE 1 in his individual capacity and official capacity as Aviation Security and Regulatory Compliance Officer at the San Francisco International Airport, and JEFF LITTLEFIELD in his individual capacity and official capacity as Chief Operating Officer at San Francisco International Airport,<br><br>*Defendants.* | Case No. 23-cv-04429<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: November 30, 2023<br>Time: 10:00 a.m.<br>Location: Video Conference<br>Judge: Araceli Martínez-Olguín |

Plaintiffs Walter Spurlock and Andre Guibert, and Defendants City and County of San Francisco, Airport Commission of the City and County of San Francisco (the "Airport"), and Jeff Littlefield (the "Parties") hereby provide this Joint Initial Case Management Conference Statement in advance of the Court's Initial Case Management Conference scheduled for November 30, 2023:

**1. Jurisdiction and Service**

The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C § 1331. There are no issues with respect to personal jurisdiction or venue. All Defendants have been served with the exception of Aviation Security and Regulatory Compliance Officer Doe 1. No summons has issued for the Doe 1 Defendant.

**2. Facts**

**Plaintiffs' Statement:** Plaintiffs were Aircraft Maintenance Technicians ("AMTs") for Alaska Airlines, Inc. ("Alaska Airlines") and performed aircraft maintenance work at the San Francisco International Airport ("SFO"). Alaska Airlines AMTs stationed at SFO must maintain a Secured Identification Display Area ("SIDA") badge in order to perform their job duties. SIDA badges permit authorized employees, contractors, and vendors to access safety-sensitive areas of the airport. Upon revocation of a SIDA badge, a badge holder's name is placed on the Centralized Revocation Database ("CRD") maintained by the Transportation Security Administration ("TSA").

Plaintiffs allege that the Defendants have revoked their SIDA badges and placed them on the CRD. Plaintiffs allege that during the revocation proceedings, they did not receive all evidence against them, did not receive exculpatory evidence, and did not receive an opportunity to present evidence. Plaintiffs allege that they were not notified of their placement on the CRD and were not given an opportunity to challenge their placement. Plaintiffs allege that the procedures used in the revocation process and the subsequent CRD placement violate the Fourteenth Amendment of the

U.S. Constitution and 42 U.S.C. § 1983. Plaintiffs allege that the badge revocation and CRD placement violate the Eighth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

**Defendants' Statement**: Plaintiffs were AMTs employed by Alaska Airlines. On September 9, 2021, Plaintiffs violated security regulations while passing through a security checkpoint. When the Airport learned of the violation, it temporarily suspended Plaintiffs' SIDA badge privileges.

On September 14, 2021, the Airport permanently revoked Plaintiffs' SIDA badges, and provided Plaintiffs with written notice of its decision. As explained in the revocation letters, the Airport revoked Plaintiffs' badges based on its Rules and Regulations, and in keeping with notices to badge holders that security infractions could result in permanent revocation.

Plaintiffs appealed the revocation decision under the Airport's appeal process. On October 23, 2021, Mr. Littlefield upheld the Airport's decision. After the appeal concluded, the Airport followed the Transportation Security Administration's rules on inputting Plaintiffs' names on the Centralized Revocation Database (CRD).

Defendants did not violate Plaintiffs' Due Process rights because individuals lack a protected liberty or property interest in airport security badges and employment requiring such badges, under binding case law. *Magassa v. Mayorkas*, 52 F.4th 1156, 1168 (9th Cir. 2022). Defendants did not violate Plaintiffs' Eighth Amendment rights because the Eighth Amendment's protections against cruel and unusual punishment apply only to criminal matters, *Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977), and no facts alleged involve criminal proceedings.

**3. <u>Legal Issues</u>**

The principal disputed legal issues are:

- Whether the procedures employed in the course of the revocation proceedings violate Plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983;
- Whether the Defendants failed to provide a procedure by which to challenge CRD placement, and if so, whether that violates Plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983;
- Whether SIDA badge revocation and placement on the CRD constitute cruel and unusual punishment under the Eight Amendment of the United States Constitution and 42 U.S.C. § 1983;
- The appropriate scope of injunctive and declaratory relief to be ordered if Plaintiffs prevail.

**4. <u>Motions</u>**

**A. <u>Prior Motions</u>:**

Defendants intend to move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 27, 2023, a few days before the date set for the case management conference in this matter. The noticed hearing date for the motion will be January 11, 2024. If the motion is granted, it may result in dismissal of the entire action.

**B. <u>Anticipated Motions</u>:**

Plaintiffs do not anticipate filing any motions at this time.

Defendants intend to file a motion for summary judgment in the event that their Rule 12(b)(6) motion does not entirely dispose of this action.

**5. <u>Amendment of Pleadings</u>**

Plaintiffs may amend their pleading in response to Defendants' Motion to Dismiss and may add claims and/or parties at that time.

**6. Evidence Preservation**

The Parties have reviewed the Court's ESI Guidelines and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant or reasonably likely to be relevant to the issues in this action. All Parties have undertaken to preserve potentially relevant evidence.

**7. Disclosures**

The Parties have agreed to an Initial Disclosure deadline of December 15, 2023.

**8. Discovery**

No discovery has taken place yet. The Parties have discussed the scope of anticipated discovery and do not, at this time, believe that any limitations or modifications to the discovery rules are necessary. Depending on the nature of the discovery sought, Defendants may ask the Court to impose limits appropriate to the nature of this case.

**9. Class Certification**

This case is not a class action.

**10. Related Cases**

The Parties are not aware of any related cases or proceedings.

**11. Relief**

**Plaintiffs' Statement**: Plaintiffs seek compensatory, injunctive, and declaratory relief, attorneys' fees and costs of suit. Andre Guibert seeks approximately $75,000 in lost wages and benefits calculated as of the date of the Case Management Conference. Those damages reflect the difference between Mr. Guibert's earnings had he retained his SIDA Badge and his earnings since its revocation. The figure increases each day Mr. Guibert's SIDA badge remains revoked and his

name appears on the CRD. Mr. Guibert seeks approximately $140,000 in consequential damages incurred as a result of lost wages and benefits over this period. Mr. Guibert seeks approximately $500,000 in damages reflecting the emotional and reputational impact of the badge revocation and placement on the CRD. He asks the Court to declare that the procedures used in the course of the badge revocation and CRD placement violated the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. Mr. Guibert requests that the Court order the reissuance of his SIDA badge and his removal from the CRD.

Walter Spurlock seeks approximately $133,000 in lost wages and benefits calculated as of the date of the Case Management Conference. Those damages reflect the difference between Mr. Spurlock's earnings had he retained his SIDA Badge and his earnings since its revocation. The figure increases each day Mr. Spurlock's SIDA badge remains revoked and his name appears on the CRD. Mr. Spurlock seeks approximately $70,000 in consequential damages incurred as a result of lost wages and benefits over this period. Mr. Spurlock seeks approximately $500,000 in damages reflecting the emotional and reputational impact of the badge revocation and placement on the CRD. He asks the Court to declare that the procedures used in the course of the badge revocation and CRD placement violated the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. Mr. Spurlock requests that the Court order the reissuance of his SIDA badge and his removal from the CRD.

**Defendants' Statement**: Plaintiffs are not entitled to any relief.

**12. Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5.

**Plaintiffs' Statement**: On October 16, 2023, Plaintiffs requested that Defendants consider participating in mediation prior to the November 30, 2023 Case Management Conference. Defendants declined to participate in early mediation.

Plaintiffs believes that settlement prospects are moderate due to the largely cost-neutral remedies sought. Plaintiffs seek Mediation or Settlement Conference within 90 days of the Court's ADR order.

**Defendants' Statement**: Defendants do not believe that an early settlement conference, as Plaintiffs suggest above, would be appropriate or productive. If successful, Defendants' Rule 12(b)(6) motion to dismiss would dispose of Plaintiffs' causes of action. In the event that any causes of action remain after a ruling on Defendants' motion to dismiss, Defendants intend to move for summary judgment. While Defendants appreciate Plaintiffs' willingness to discuss settlement, until these pre-trial motions are ruled upon, it is highly unlikely the Parties can reach settlement.

**13. Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a magistrate judge conducting all proceedings in this case.

**14. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master.

**15. Narrowing of Issues**

The three issues that are most consequential to the case are:

- Whether the procedures employed in the course of the revocation proceedings violate Plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983;
- Whether the Defendants failed to provide a procedure by which to challenge CRD placement, and if so, whether that violates Plaintiffs' due process rights

under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983;

- Whether SIDA badge revocation and placement on the CRD constitute cruel and unusual punishment under the Eight Amendment of the United States Constitution and 42 U.S.C. § 1983;

The issues may be narrowed through a Motion to Dismiss or Motion for Summary Judgment.

**16. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Plaintiffs propose the following pretrial and trial schedule:

| Event | Date |
|---|---|
| Initial Disclosures Due by: | December 15, 2023 |
| Identification of Experts | January 26, 2024 |
| Discovery Cutoff, including expert discovery if necessary: | March 1, 2024 |
| Summary Judgment Motion Due | April 1, 2024 |
| Pre-Trial Conference | September 5, 2024 |
| Trial | September 10, 2024 |

Defendants propose the following pretrial and trial schedule:

| Event | Date |
|---|---|
| Initial Disclosures Due by: | December 15, 2023 |
| Deadline for Amendment of Pleadings | April 20, 2024 |

| | |
|---|---|
| Fact Discovery Cutoff | July 27, 2024 |
| Expert Disclosure Deadline | August 10, 2024 |
| Expert Rebuttal Report Deadline | August 31, 2024 |
| Expert Discovery Cutoff | September 14, 2024 |
| Dispositive Motions Heard by | October 19, 2024 |
| ADR Cutoff | November 1, 2024 |
| Pre-Trial Conference | November 5, 2024 |
| Trial | December 2, 2024 |

**18. <u>Trial</u>**

Plaintiffs seek a jury trial to determine liability and the extent of compensatory damages. They seek a subsequent judicial determination on the nature of the injunction and declaratory relief to be awarded. The Parties currently anticipate the trial to last one week.

**19. <u>Disclosure of Non-party Interested Entities</u>**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The relevant contents of that certification are set forth below.

<u>Plaintiffs</u>:

Pursuant to Civil L.R. 3-15, the undersigned counsel of record for the Plaintiffs certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceed; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1) Alaska Airlines, Inc.

2) Aircraft Mechanics Fraternal Association

<u>Defendants:</u>

Defendants have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The relevant contents of that certification are set forth below.

"The City and County of San Francisco and the Airport Commission of the City and County of San Francisco are governmental entities, and are therefore not subject to Rule 3-15. (See C.L. Rule 3-15(a) ("Each non-governmental party must. . .") Defendant Jeff Littlefield is subject to Rule 3-15 to the extent he is being sued in his personal capacity. Accordingly, pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict of interest (other than the named parties) to report."

**20. <u>Professional Conduct</u>**:

All counsel of record for the Parties have reviewed the Guidelines for Professional conduct for the Northern District of California.

**21. <u>Other Matters</u>**

The Parties have no other matters to raise at this time.

Dated November 20, 2023

Respectfully submitted,

JOHN K. BUCHE
BYRON MA
BUCHE & ASSOCIATES, PC

LEE SEHAM (*Pro Hac Vice)*
SAMUEL A. SEHAM (*Pro Hac Vice*)
SEHAM, SEHAM, METZ & PETERSEN LLP

By: *_/s/ Samuel A. Seham_*

Attorneys for Plaintiffs

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex & Affirmative Litigation
ADAM SHAPIRO
MOLLY J. ALARCON (she/her)
Deputy City Attorneys

By: *_/s/ Molly J. Alarcon_*

Attorneys for Defendants