DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
SARA J. EISENBERG, SBN 269303
Chief of Complex & Affirmative Litigation
ADAM M. SHAPIRO, SBN 267429
MOLLY J. ALARCON, SBN 315244
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3894
Facsimile:    (415) 437-4644
E-Mail:       Molly.Alarcon@sfcityatty.org

Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SPURLOCK and ANDRE GUIBERT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, AIRPORT COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO, KEABOKA MOLWANE in his individual capacity and official capacity as Aviation Security and Regulatory Compliance Officer at the San Francisco International Airport, and JEFF LITTLEFIELD in his individual capacity and official capacity as Chief Operating Officer at San Francisco International Airport,<br><br>Defendants. | Case No. 3:23-cv-4429<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENT SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:   March 14, 2024<br>Time:           2:00 p.m.<br>Before:         Hon. Araceli Martínez-Olguín<br>Place:          450 Golden Gate Avenue<br>                Courtroom 10<br>                San Francisco, CA 94102<br><br>Date Action Filed:   August 28, 2023 |

**ADMINISTRATIVE MOTION TO SEAL DOCUMENT**

Pursuant to Civil Local Rules 79-5 and 7-11, Defendants City and County of San Francisco, the Airport Commission of the City and County of San Francisco, Jeff Littlefield, and Keaboka Molwane (collectively, "San Francisco") move to file under seal the entirety of the following document submitted herewith in support of Defendants' Motion to Dismiss the First Amended Complaint: "TSA National Amendment: Centralized Revocation Database for Individual with Revoked Identification Media TSA-NA-21-01A" (the "TSA Guidance"), as incorporated by reference in Plaintiffs' First Amended Complaint ("FAC"). FAC at ¶ 53; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The TSA Guidance is **Exhibit B** to the Declaration of Molly J. Alarcon ISO Request for Judicial Notice ISO Motion to Dismiss, dated December 18, 2023.

To avoid improper disclosure of sensitive information, San Francisco will file the above-referenced document conditionally under seal pending the Court's ruling on this administrative motion. Defendants intend for the Court to review the document in camera.[1]

Local Rule 79-5 authorizes a document to be filed under seal when it is established that the document is privileged or otherwise entitled to protection under the law. In the Ninth Circuit, "documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006). Here, this standard is met by binding federal regulations preventing the public disclosure of this document because it is "sensitive security information" ("SSI"). 49 C.F.R. § 1520.5(a), (b)(1), and (b)(2); *see also* 49 C.F.R. § 1520.15(a).

Local Rule 79-5 requires a party seeking to file material under seal to explain: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. The first factor is satisfied because the federal government has determined that public disclosure of this document would constitute an unwarranted

---

[1] It appears that Plaintiffs have a copy, as they reference it in their FAC. However, Defendants intend to provide Plaintiffs with a copy once the parties have executed a protective order. Defendants understand that federal regulations deem a person to "need to know" SSI when the information is needed to assist in the person's representation in a judicial proceeding regarding transportation security requirements. *See* 49 C.F.R. § 1520.11(a)(5).

invasion of privacy, reveal trade secrets or privileged or confidential information obtained from any person, or be detrimental to the security of transportation.  49 C.F.R. § 1520.5(a).  Hence, there are legitimate public interests that warrant sealing, as codified by 49 C.F.R. § 1520.5.  On the second factor, multiple injuries would result if sealing is denied.  Such action would be detrimental to the security of transportation, would reveal trade secrets or other privileged or confidential information, or would constitute unwarranted invasion of privacy.  Additionally, San Francisco could potentially be subject to penalties for the unauthorized disclosure of SSI.  *See* 49 C.F.R. § 1520.17; Declaration of Molly J. Alarcon ISO Administrative Motion to Seal at ¶ 4.  As to the third factor, because the entire document is SSI, there is no way to redact the SSI or selectively disclose non-SSI material, and hence, there are no less restrictive alternatives to sealing if the Court decides that reviewing this document would assist in evaluating San Francisco's Motion to Dismiss.  *See* Declaration of Molly J. Alarcon ISO Administrative Motion to Seal at ¶ 5.

  For the reasons stated herein, San Francisco respectfully requests that Exhibit B to the Declaration of Molly J. Alarcon ISO Request for Judicial Notice ISO Motion to Dismiss be sealed.

Dated:  December 18, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex & Affirmative Litigation
ADAM M. SHAPIRO
MOLLY J. ALARCON (she/her)
Deputy City Attorneys

By: */s/ Molly J. Alarcon*
  MOLLY J. ALARCON

Attorneys for Defendants