JOHN K. BUCHE (CA BAR NO. 239477)
BYRON MA (CA BAR NO. 299706)
**BUCHE & ASSOCIATES, PC**
875 Prospect Street Suite 305
La Jolla, CA 92037
Telephone: (713) 589-2214
Fax: (858) 459-9120
Email: jbuche@buchelaw.com
         bma@buchelaw.com

SAMUEL A. SEHAM (NY BAR NO. 5768080) (*pro hac vice*)
LEE SEHAM (NY BAR NO. 2194306) (*pro hac vice*)
**SEHAM, SEHAM, METZ & PETERSEN LLP**
199 Main Street, 7th Floor
White Plains, NY 10601
Telephone: (914) 997-1346
Fax: (914) 997-7125
Email: samuel.seham@gmail.com
         ssmpls@aol.com

*Attorneys for the Plaintiffs Walter Spurlock and Andre Guibert*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| WALTER SPURLOCK and ANDRE GUIBERT,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, AIRPORT COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO, KEABOKA MOLWANE in his individual capacity and official capacity as Aviation Security and Regulatory Compliance Officer at the San Francisco International Airport, and JEFF LITTLEFIELD in his individual capacity and official capacity as Chief Operating Officer at San Francisco International Airport,<br><br>　　　　*Defendants*. | Case No. 3:23-cv-4429<br>*Jury Trial Demanded*<br><br>**DECLARATION OF SAMUEL A. SEHAM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PORTIONS OF PLAINTIFFS' RESPONSE SHOULD BE SEALED**<br><br>Action Filed:    August 28, 2023 |

**DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PORTIONS OF PLAINTIFFS' RESPONSE SHOULD BE SEALED**

1. I am an associate at Seham, Seham, Meltz & Petersen, LLP, 199 Main Street, White Plains, NY (10601), and counsel for Plaintiffs Walter Spurlock and Andre Guibert. I have personal knowledge of the facts stated herein and, if called upon, I could and would testify competently thereto under oath.

2. Pursuant to Civil Local Rule 79-5(c)(1), I respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Portions of Plaintiffs' Response Should Be Sealed. I have personal knowledge of the facts stated herein and, if called upon, I could and would testify competently thereto under oath.

3. The decision to seal records is left to the discretion of the district court. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). Courts apply a "compelling reasons" standard, especially when considering motions to seal documents related to the parties' pleadings. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)); *Pardi v. Tricida, Inc.*, No. 21-cv-00076-HSG, 2023 U.S. Dist. LEXIS 168633, at *6 (N.D. Cal. Sep. 21, 2023) (collecting cases). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). *Green Renewable Organic & Water Holdings, LLC v. Bloomfield Invs., LLC*, No. 21-cv-07181-HSG, 2023 U.S. Dist. LEXIS 200954, at *1-2 (N.D. Cal. Nov. 8, 2023)

4. The document attached hereto is a true and correct copy of Plaintiffs' Response to Defendants' Motion to Dismiss, which reflects information that has been designated "Confidential" by Defendants.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in White Plains, New York on March 15, 2024.

By: _/s/ Samuel A. Seham_