1  DAVID CHIU, SBN 189542
   City Attorney
2  YVONNE R. MERÉ, SBN 173594
   Chief Deputy City Attorney
3  SARA J. EISENBERG, SBN 269303
   Chief of Complex & Affirmative Litigation
4  ADAM M. SHAPIRO, SBN 267429
   MOLLY J. ALARCON, SBN 315244
5  Deputy City Attorneys
   Fox Plaza
6  1390 Market Street, 6th Floor
   San Francisco, CA  94102-5408
7  Telephone:      (415) 554-3894
   Facsimile:      (415) 437-4644
8  E-Mail:         Molly.Alarcon@sfcityatty.org

9  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WALTER SPURLOCK and ANDRE GUIBERT,<br><br>            Plaintiffs,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, AIRPORT COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO, KEABOKA MOLWANE in his individual capacity and official capacity as Aviation Security and Regulatory Compliance Officer at the San Francisco International Airport, and JEFF LITTLEFIELD in his individual capacity and official capacity as Chief Operating Officer at San Francisco International Airport,<br><br>            Defendants. | Case No. 3:23-cv-4429<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Hearing Date:    May 23, 2024<br>Time:            2:00 p.m.<br>Before:          Hon. Araceli Martínez-Olguín<br>Place:           450 Golden Gate Avenue<br>                 Courtroom 10<br>                 San Francisco, CA 94102<br><br>Date Action Filed:    August 28, 2023 |

## ADMINISTRATIVE MOTION TO SEAL DOCUMENT

Pursuant to Civil Local Rules 79-5 and 7-11, Defendants the City and County of San Francisco, the Airport Commission of the City and County of San Francisco, Jeff Littlefield, and Keaboka Molwane (collectively, "San Francisco" or "Defendants") move to file under seal portions of Defendants' Reply in Support of Motion to Dismiss the Second Amended Complaint ("Reply") that refer to redacted parts of Plaintiffs' Second Amended Complaint ("SAC") and a redacted exhibit attached thereto. Plaintiffs filed their SAC partially under seal because it refers to a federal guidance document issued by the Transportation Security Administration ("TSA"), TSA-NA-21-01A (the "TSA Guidance"), that is "sensitive security information" ("SSI") not subject to public disclosure under federal regulations. 49 C.F.R. § 1520.5(a), (b)(1), and (b)(2).[1] Plaintiffs also attached the TSA Guidance as Exhibit G to Plaintiffs' SAC. Dkt. No. 43-7 [redacted version]; Dkt. No. 44-5 [unredacted version filed under seal].

To avoid unsealing what Plaintiffs have sealed, and because the contents of the TSA Guidance are SSI that the parties must protect from public disclosure, San Francisco will file its Reply conditionally under seal pending the Court's ruling on this administrative motion. San Francisco also followed this procedure to file its Motion to Dismiss the SAC conditionally under seal.

Local Rule 79-5 authorizes a document to be filed under seal when it is established that the document contains information that is privileged or otherwise entitled to protection under the law. In the Ninth Circuit, a "'compelling reasons' standard applies to [sealing] most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Here, this standard is met by binding federal regulations preventing the public disclosure of the contents of the TSA Guidance because it is SSI. 49 C.F.R. § 1520.5(a), (b)(1), and (b)(2); *see also* 49 C.F.R. § 1520.15(a).

Local Rule 79-5 requires a party seeking to file material under seal to explain: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and

---

[1] The TSA Guidance was previously shared with the Court as an exhibit filed under seal in support of Defendants' Request for Judicial Notice in Support of Motion to Dismiss the First Amended Complaint. *See* Dkt. No. 38; Dkt. No. 38-4.

(iii) why a less restrictive alternative to sealing is not sufficient. The first factor is satisfied because the federal government has determined that public disclosure of the contents of the TSA Guidance would constitute an unwarranted invasion of privacy, reveal trade secrets or privileged or confidential information obtained from any person, or be detrimental to the security of transportation. 49 C.F.R. § 1520.5(a). Hence, there are legitimate public interests that warrant sealing, as codified by 49 C.F.R. § 1520.5. On the second factor, multiple injuries would result if sealing is denied. Such action would be detrimental to the security of transportation, would reveal trade secrets or other privileged or confidential information, or would constitute unwarranted invasion of privacy. Additionally, San Francisco could potentially be subject to penalties for the unauthorized disclosure of SSI. *See* 49 C.F.R. § 1520.17; Declaration of Molly J. Alarcon ISO Administrative Motion to Seal at ¶ 4. As to the third factor, San Francisco has chosen a less restrictive alternative than sealing its entire Reply, and has only redacted references to what Plaintiff redacted as confidential or SSI. *See* Declaration of Molly J. Alarcon ISO Administrative Motion to Seal at ¶ 5.

    For the reasons stated herein, San Francisco respectfully requests that San Francisco be permitted to file an unredacted version of its Reply under seal, along with a redacted public version.

Dated: March 29, 2024

> DAVID CHIU
> City Attorney
> YVONNE R. MERÉ
> Chief Deputy City Attorney
> SARA J. EISENBERG
> Chief of Complex & Affirmative Litigation
> ADAM M. SHAPIRO
> MOLLY J. ALARCON (she/her)
> Deputy City Attorneys
>
> By: */s/ MOLLY J. ALARCON*
>     MOLLY J. ALARCON
>     Attorneys for Defendants